## SECURITIES AND EXCHANGE COMMISSION

v.

## Carl PORTO, et al.

No. 88 C 239.

United States District Court, N.D. Illinois, E.D.

July 10, 1990.

Mary Keefe, Don Andrews, S.E.C., Chicago, Ill., for plaintiff.

Benedict P. Kuehne, Sonnett Sale & Kuehne, P.A., Miami, Fla., for defendant Porto.

## ORDER

BUA, District Judge.

On June 24, 1988, this court entered a final judgment against defendant Carl Porto and in favor of plaintiff Securities and Exchange Commission ("SEC"). The judgment, which was entered pursuant to Porto's consent and stipulation, required Porto to pay the SEC $150,000 in eighteen separate installments of $8333.33. As of January 1989, Porto had made none of the required payments, so the SEC—pursuant to the terms of the settlement agreement—instituted contempt proceedings against Porto in this court.

On June 15, 1990, Magistrate Gottschall issued a Report and Recommendation in which the Magistrate found sufficient grounds for holding Porto in contempt. This court adopted the Magistrate's Report and Recommendation on July 3, 1990. Claiming that he did not receive the Magistrate's Report until June 22, 1990, Porto then filed objections to the Magistrate's Report on July 5, 1990.

After considering Porto's objections, the court remains resolved that the Magistrate properly found sufficient grounds for holding Porto in contempt. As the Magistrate pointed out, a party may be held in civil contempt "if he has not been 'reasonably diligent and energetic in attempting to accomplish what was ordered [by the court].'" *Stotler and Co. v. Able,* 870 F.2d 1158, 1163 (7th Cir.1989) (citing *American Fletcher Mortgage Co. v. Bass,* 688 F.2d 513, 517 (7th Cir.1982)). The court finds ample evidence in the record to support a finding that Porto has not diligently attempted to pay the judgment ordered by this court in June 1988. The Magistrate found that Porto has disbursed over $100,000 in funds to various parties since August 1988. Porto does not object to that finding. Instead, Porto claims that the funds were disbursed to pay off loans and other indebtedness which arose prior to

this court's June 1988 judgment order. However, Porto has produced no evidence of many of these alleged debts, and several of the disbursements which Porto executed were made to friends and relatives. Thus, as the Magistrate noted, this court cannot conclude that Porto's disbursements were necessary or legitimate. Moreover, Porto testified that his equity in his condominium was approximately $21,000 as of March 1989, and Porto's financial records show no default in his mortgage payments or condominium assessments, despite his testimony that he has been unemployed since August 1988. Therefore, the evidence is clear that Porto has failed to comply with this court's June 1988 order despite having sufficient assets to make at least some of the disgorgement payments. As a result, Porto's objections to the Magistrate's Report and Recommendation are overruled. The court adheres to its July 3 order adopting the Magistrate's Report and Recommendation finding Porto in contempt of court and ordering Porto to pay $20,000 into the Registry of the Court within 60 days to purge the contempt.

IT IS SO ORDERED.