**SECURITIES AND EXCHANGE COMMISSION**

v.

**Carl PORTO, et al.**

**No. 88 C 239.**

United States District Court, N.D. Illinois, E.D.

Oct. 22, 1990.

Jane E. Jarcho, S.E.C., Chicago, Ill., for plaintiff.

Benedict P. Kuehne, Sonnett, Sale & Kuehne, P.A., Miami, Fla., for defendant Porto.

**ORDER**

BUA, District Judge.

For over two years, defendant Carl Porto has managed to avoid satisfying a judgment entered against him and in favor of

the Securities and Exchange Commission ("SEC"). Pursuant to the final judgment entered by this court in 1988, Porto was required to disgorge $150,000 in ill-gotten funds. Payment was to be made into the Registry of the Court in eighteen separate monthly installments. By 1989, however, Porto had not made a single payment. Consequently, the SEC instituted contempt proceedings against him. In an order dated July 3, 1990, this court held Porto in contempt for failing to make the requisite installment payments. To purge the finding of contempt, Porto was required to pay $20,000 into the Registry of the Court. Porto objected to this order, arguing that he did not have the ability to pay $20,000. Finding Porto's assertions of financial hardship to be largely unsubstantiated, this court overruled his objections on July 10, 1990. 739 F.Supp. 1236 (N.D.Ill.1990). To this day, Porto has not attempted to purge the order of contempt. Instead, Porto now moves for relief from the contempt order. Once again, Porto claims that he does not have the financial ability to purge the contempt order. In lieu of paying $20,000 at this time, Porto offers to place a $20,000 lien on the condominium he owns in Boca Raton, Florida. The SEC finds this arrangement to be completely unacceptable, and urges the court to incarcerate Porto until he complies with the contempt order.

▆ Unpersuaded by Porto's reference to his financial plight, this court sees no reason to reconsider the contempt order. In overruling Porto's previous objections to the order of contempt, the court concluded that Porto had the ability to pay $20,000. Porto has not demonstrated that his financial status has significantly changed since that time.

In this court's view, Porto has not made a good faith attempt to satisfy the judgment entered against him. Porto has not even tendered partial payment. Up to this point in time, Porto has been given every opportunity to make the disgorgement payments, and the SEC has patiently awaited payment from Porto. Frustrated with Porto's persistent contumacy, this court will not tolerate any further dilatory tactics.

In light of Porto's failure to make any good faith effort to make payment, this court finds that Porto is not entitled to relief from the contempt order. Efforts at obtaining compliance with the orders of this court have proven to be futile; imprisonment appears to be the only viable alternative at this juncture.

Accordingly, Porto's motion for relief from the order of contempt or, alternatively, to file a security lien to purge the contempt, is denied. The SEC's motion to modify the contempt order is granted. Porto is hereby ordered to pay $20,000 into the Registry of the Court by November 20, 1990. If Porto fails to pay by that date, he shall be incarcerated until he makes payment. Porto "holds the key to the jailhouse door." *United States v. Ayer*, 866 F.2d 571, 573 (2d Cir.1989); *Hicks v. Feiock*, 485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988).